(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2077CV00790 A

Nancy Theberge ........................, Plaintiff(s)

v.

ACV Environmental Services, Inc., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Timothy D. Rodden Jr of the Upper Charles Law Group, LLC plaintiff's attorney, whose address is 10 Kearney Rd., Suite 101, Needham, MA 02494, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 56 Federal Street, Salem, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the 12th day of August, in the year of our Lord two thousand 20

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A true copy Attest: Joseph P. Casey
Deputy Sheriff Suffolk County
8-17-20

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): Nancy Theberge | COUNTY |
|---|---|
| ADDRESS: 7 Pauline Road, Danvers, Essex County, Massachusetts 01923 | Essex |
| | DEFENDANT(S): ACV Environmental Services, Inc. |

| ATTORNEY: Timothy O. Rodden Jr. | |
|---|---|
| ADDRESS: Upper Charles Law Group, LLC | ADDRESS: 1500 Rahway Avenue, Avenel, New Jersey 07001 |
| 10 Kearney Road, Suite 101, Needham, Massachusetts, 02494 | Registered Agent: C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110 |

| BBO: 691228 | |
|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury | F | [X] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
[ ] YES  [X] NO

Is this a class action under Mass. R. Civ. P. 23?
[ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........ $_____
2. Total doctor expenses ........ $_____
3. Total chiropractic expenses ........ $_____
4. Total physical therapy expenses ........ $_____
5. Total other expenses (describe below) ........ $_____
  Subtotal (A): $>10,000

B. Documented lost wages and compensation to date ........ $>10,000
C. Documented property damages to date ........ $_____
D. Reasonably anticipated future medical and hospital expenses ........ $_____
E. Reasonably anticipated lost wages ........ $>30,000
F. Other documented items of damages (describe below) ........ $>50,000
Pain and suffering/Diminished Working Capacity/Diminished Quality of Life

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Acute Chemical Exposure Resulting in Severe Chemical Sensitivity and Breathing Issues

TOTAL (A-F): $>100,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X _____  Date: August 6, 2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: August 6, 2020

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                              ESSEX COUNTY SUPERIOR COURT
                                                       CIVIL ACTION NO. 1977CV_____

| | |
|---|---|
| NANCY THEBERGE, <br>     Plaintiff, <br> <br> v. <br> <br> ACV ENVIRONMENTAL SERVICES, INC. <br>     Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

#### PARTIES

1. The Plaintiff, Nancy Theberge, is an individual residing in 7 Pauline Road, Danvers, Essex County, Massachusetts 01923.

2. The Defendant ACV Environmental Services, Inc. is a corporation organized under the laws of the state of New York that is registered with the Secretary of the Commonwealth of Massachusetts to conduct business within the Commonwealth and does, indeed, conduct business within the Commonwealth of Massachusetts with an office location at 6 Shire Drive, Norfolk, Massachusetts 02056, and with a registered agent for service within the Commonwealth located at C T Corporation System 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts 02110.

#### FACTS

3. On November 14, 2017 around 7:15 AM, a service technician from ACV Environmental Services, Inc. (*hereinafter* "ACV") arrived at Plaintiff, Nancy Theberge's (*hereinafter* "Plaintiff" or "Mrs. Theberge") workplace, Winchester Hospital Core Lab, located at 262-264 West Cummings Park, Woburn, MA 01801, to remove a container of hazardous waste containing the following chemicals: Crystal violet, Gram's Iodine, Gram's Decolorizer, Safranin, Methanol, Carbolfuchsin, TB Auramine O, TB Decolorizer, Hydrochloric Acid, TB Potassium Permanganate, Hemo De, Gomori Trichrome Stain, Methylene Blue, Glacial Acetic Acid, and Ethanol, and other chemicals.

4. Mrs. Theberge was sitting at her bench working when ACV's employee dragged the container of hazardous waste behind Mrs. Theberge, leaving a trail of liquid waste.

1

5. ACV's employee continued down a couple of stairs, spilling more liquid waste.

6. Following ACV's employee's spill of liquid waste, bleach was poured on the liquid waste in an attempt to clean it.

7. The liquid waste reacted with the bleach and caused a toxic chemical reaction which was released into the air near Mrs. Theberge's work space.

8. Defendant's failure to exercise reasonable care in handling and cleaning the toxic chemical waste, which caused the chemical reaction resulting in the release of toxic inhalants, created for Plaintiff and similarly-situated persons a dangerous condition that was allowed to exist for an unreasonable amount of time.

9. As a result of the Defendants' negligence as set forth above, the Plaintiff suffered serious personal injuries and great pain of body and mind.

## COUNT 1
## NEGLIGENCE

10. Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 9, inclusive, as if separately set forth herein.

11. At all times relevant hereto, Defendant, in its capacity as an industrial cleaning, environmental remediation, and hazardous waste handling company, owed an affirmative and non-delegable duty of care to handle all hazardous waste with reasonable care.

12. At all times relevant hereto, Defendant breached its non-delegable duty of care to the Plaintiff by permitting a dangerous condition to arise during the course of its removal of hazardous waste via the negligent handling of the hazardous waste near Plaintiff's work space – a condition of which it was aware or should have been aware.

13. At all times relevant hereto, Defendant breached its non-delegable duty of care to the Plaintiff by negligently handling the hazardous waste near Plaintiff's work space, which caused a dangerous condition to arise near Plaintiff's work space.

14. At all times relevant hereto, Defendant, in its capacity as an industrial cleaning, environmental remediation, and hazardous waste handling company, owed an affirmative and non-delegable duty to warn of dangerous conditions related to chemical spills that arise over the course of its handling of hazardous waste.

15. At all times relevant hereto, Defendant breached its non-delegable duty of care to the Plaintiff by failing to warn of the dangerous condition related to the chemical spill that arose over the course of its handling of hazardous waste near Plaintiff's work space.

16. On November 14, 2017, Plaintiff encountered the aforementioned dangerous conditions, which caused the Plaintiff to inhale toxic chemicals.

17. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury, and resulting pain and suffering, disability, mental anguish, and has incurred medical expenses for treatment and care, past, present and future.

WHEREFORE, the Plaintiff, Nancy Theberge, demands judgment against the Defendant, ACV Environmental Services, Inc., together with interest, costs, attorney's fees and such other and further relief as this Honorable Court deems equitable and just.

## COUNT II
## RES IPSA LOQUITUR

18. Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 17, inclusive, as if separately set forth herein.

19. At all relevant times, Defendant maintained control over the chemical waste that reacted with bleach to cause toxic chemicals to be released in the air near Plaintiff's work space.

20. At all relevant times, Defendant was responsible for the safe handling of the chemical waste that reacted with the bleach to cause toxic chemicals to be released in the air near Plaintiff's work space.

21. At all relevant times, Defendant was responsible for the safe remediation of any spills that occurred over the course of its handling of the chemical waste that reacted with the bleach to cause toxic chemicals to be released in the air near Plaintiff's work space.

22. At all relevant times, Defendant was responsible to warn of dangerous conditions related to chemical spills that arise over the course of its handling of hazardous waste

23. Plaintiff would not have suffered an acute exposure to toxic chemicals but for negligence by Defendants.

24. As a result, the doctrine of Res Ipsa Loquitur applies, permitting an inference of negligence against Defendants.

25. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury, and resulting pain and suffering, disability, mental anguish, and has incurred medical expenses for treatment and care, past, present and future.

WHEREFORE, the Plaintiff, Nancy Theberge, demands judgment against the Defendant, ACV Environmental Services, Inc., together with interest, costs, attorney's fees and such other and further relief as this Honorable Court deems equitable and just.

## DEMAND FOR RELIEF

A. The Plaintiff, Nancy Theberge, demands judgment against the Defendant, ACV Environmental Services, Inc. together with interest costs and attorneys fees as to all Causes of Action.

## JURY CLAIM

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES.**

The Plaintiff, Nancy Theberge,
By her Attorney,

*/s/ Timothy D. Rodden Jr.*
Timothy D. Rodden Jr.
BBO #691228
Upper Charles Law Group, LLC
10 Kearney Road, Suite 101
Needham, MA 02494
(617) 600-7170
trodden@uclawgroup.com

Date: August 6, 2020

4