UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-CV-11661-RWZ

NANCY THEBERGE

v.

ACV ENVIRONMENTAL SERVICES, INC.

MEMORANDUM & ORDER

NOVEMBER 18, 2021

ZOBEL, S.D.J.

On August 10, 2020, plaintiff Nancy Theberge ("Theberge") filed a complaint against defendant ACV Environmental Services, Inc. ("ACV") in the Essex Superior Court alleging negligence and "*res ipsa loquitur*"[1] in conjunction with a chemical spill at the laboratory at which she worked. On September 8, 2020, Defendant removed the case to this court on the basis of diversity of citizenship between the parties. Nearly one year later, on August 13, 2021, Theberge moved to amend the complaint by adding three defendants. Docket ##17, 24. The parties agree that the joinder of two of the three proposed defendants would destroy diversity. Following a hearing and arguments

---

[1] Although Theberge pleaded *res ipsa loquitur* as a distinct count in the complaint, it is not a separate cause of action. See AB Initio Software Corp. v. Inchingolo, No. 06-cv-10922-RWZ, 2007 WL 534452, at *2 (D. Mass. Feb. 16, 2007) (citing Sultis v. General Motors Corp., 690 F. Supp. 100, 102 (D. Mass. 1988)) ("[R]es ipsa loquitur is not an independent cause of action; it is a mode of inferential reasoning applied when all causes of harm have been excluded."); see also, e.g., Tillson v. Odyssey Cruises, No. 08-cv-10997-DPW, 2011 WL 309660, at *6 (D. Mass. Jan. 27, 2011) ("As a general principle, the doctrine of *res ipsa loquitur* is therefore viewed as a theory of *evidence*, rather than as an independent grounds for liability."); Hofer v. Gap, Inc., 516 F. Supp. 2d 161, 172 n.12 (D. Mass. 2007) ("*Res ipsa loquitur* ... is not a separate cause of action that must be specifically set out in the pleadings, but rather a means by which a jury may infer negligence through the occurrence of an unusual event.").

1

of counsel, Theberge's motion is allowed-in-part and denied-in-part, and the case is remanded to state court.

I.   **Background**

The facts as alleged in the proposed amended complaint are as follows. Theberge is a resident of Massachusetts. Docket #26-1 ¶1. ACV is a corporation organized under the laws of the state of New York and registered to do business in Massachusetts. Id. ¶2. At the time of the incident at issue, Theberge was employed by Winchester Hospital Core Lab ("Winchester"). Id. ¶12. Defendants Allison Workman ("Workman"), a resident of New Hampshire, and Jane Souza ("Souza"), a resident of Massachusetts, also worked at Winchester as Medical Technologists. Id. ¶¶3-4, 6. ACV, an independent contractor, was hired by Winchester to remove chemical and other hazardous waste materials from the lab. Id. ¶10. On November 14, 2017, while Theberge was at her work bench, defendant Richard Cossette ("Cossette"), a service technician employed by ACV, removed a container with liquid hazardous waste. Id. ¶¶11-13. He did so by dragging the container behind Theberge's work bench and down some stairs, leaving a trail of spilt liquid in his wake. Id. ¶¶13-14. In an attempt to clean up the spill, Workman and Souza poured bleach on the liquid, which caused a chemical reaction that released toxic inhalants in the air next to Theberge. Id. ¶¶16, 18. As a result, Theberge was injured. Id. ¶21.

Theberge alleges that ACV and the proposed individual defendants Workman, Souza, and Cossette were negligent. Specifically, she asserts that Cossette, and thus ACV, breached their duty of care to her by mishandling the removal of the hazardous chemical waste and by failing to warn her of the dangerous condition created by the

2

spill. Id. ¶¶22-32. Theberge alleges, and ACV concedes, that Cossette was acting within the scope of his employment during the course of the incident. Id. ¶15; Docket #19 ¶7. Against Workman and Souza, she alleges that they breached their duty of care to her by causing a dangerous condition when they poured bleach on the chemical spill. Docket #26-1 ¶¶22-32. Theberge further avers that Workman and Souza were not acting within the scope of their employment because remediation of a chemical waste spill was beyond their job responsibilities. Id. ¶¶6-9.

Theberge filed the original complaint against ACV on August 10, 2020 in the Essex Superior Court. On September 8, 2020, ACV removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. After some discovery, Theberge, on August 13, 2021, moved for leave to amend the complaint to add defendants Cossette, Workman, and Souza. Docket #17. After full briefing of the motion and at the same time as filing her reply brief, Theberge also moved for leave to file a revised amended complaint. Docket ##19, 23, 24. The latter sought to add the same three proposed defendants but this time clarifying that Souza was a resident of Massachusetts, not New Hampshire as Theberge incorrectly alleged in the first filed amended complaint. Docket #24.

II. **Legal Standard**

The parties agree that 28 U.S.C. § 1447(e) controls the current inquiry. The statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The permissive language of § 1447(e) makes clear that Congress granted the courts broad

discretionary power to permit or deny joinder, even though the decision could divest the court of its jurisdiction and force a remand to state court." Kelley v. Vt. Mut. Ins. Co., 407 F. Supp. 2d 301, 305 (D. Mass. 2005). In determining whether to permit joinder, courts can consider all relevant factors, including "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." N.E. Bridge Contractors, Inc. v. Aspen Aerials, Inc., 363 F. Supp. 3d 217, 219 (D. Mass. 2019) (quoting Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999)).

### III. Discussion

Theberge's proposed amendment seeks to add three defendants, two of whom, Cossette and Souza, are citizens of Massachusetts and therefore would destroy diversity if joined. Docket #24.

The inquiry regarding Cossette is easily resolved. At the hearing on this matter, counsel for ACV represented to this Court that it is responsible for any negligence by Cossette. Because Theberge's allegations do not implicate conduct beyond the scope of Cossette's employment by ACV, counsel for Theberge conceded that she cannot recover anything from Cossette beyond what she can recover from ACV. Accordingly, joinder of Cossette as a named defendant is not appropriate and the motion to amend is denied as to him.

The remaining issue, therefore, is whether to permit the joinder of Workman and Souza, which would destroy diversity among the parties because Souza is a resident of Massachusetts.

The first two factors—improper motive and dilatoriness—do not weigh against the proposed amendment. Theberge asserts that although she knew of Workman's and Souza's identity and role in the incident at the time she filed the original complaint, she waited to add them until after her employment at Winchester ended in October 2020 to avoid creating a "hostile working environment." Docket #26 at 6-7. ACV did not present an alternate theory with respect to Workman and Souza. Therefore, no imperative dictates the conclusion that the purpose of the proposed amendment is to defeat federal jurisdiction.

As for the timing of the proposed amendment, although Theberge moved to add Workman and Souza as defendants nearly 10 months after she ceased working for Winchester, the parties continued to engage in discovery throughout that time and the motion for leave to amend was filed within the time permitted by the revised Scheduling Order in this case.[2] Accordingly, the timing of her amendment does not weigh either for or against allowing the proposed amendment.

The third factor—whether significant injury will result if the amendment is not allowed—weighs strongly in its favor. "In determining whether the plaintiff will be significantly injured if the amendment is not allowed, courts have examined 'whether a plaintiff can be afforded complete relief in the absence of the amendment.'" Mullane v. Portfolio Media, Inc., No. 19-cv-11496-PBS, 2019 WL 12316202, at *10 (D. Mass. Nov. 19, 2019) (citation omitted); see also N.E. Bridge Contractors, 363 F. Supp. 3d at 220 ("The third factor … relates to the public interest in 'complete, consistent, and efficient settlement of controversies.'" (citation omitted)).

---

[2] The parties jointly sought and were allowed an extension to October 29, 2021 to complete discovery and seek leave to amend the complaint. Docket ##15, 16.

Theberge argues that because Workman and Souza's conduct "contributed separately and jointly to the cause of [her] injuries," "they must be joined in the instant action to ensure a 'complete, consistent, and efficient settlement' of [her] claims." Docket #26 at 8.  At the hearing, Theberge's counsel added that if Workman and Souza are not joined as defendants in this case, ACV may use an "empty chair" defense to deflect blame to the absent parties from itself, thereby impeding her ability to recover from any defendant.

ACV responded that the conduct at issue falls within the scope of Workman and Souza's employment by Winchester.  Any recovery against them as individuals, therefore, will be precluded under the rules governing the settlement of Theberge's workers' compensation claim.

The question whether the conduct alleged against Workman and Souza falls within the scope of their employment, however, is fact-sensitive and not capable of disposition on the existing record.  Based solely on the allegations in the proposed amended complaint that Workman and Souza were acting outside the scope of their employment, Theberge may recover against them as individuals if they are found negligent.  Accordingly, proceeding without them at this juncture could result in an inadequate recovery.  See N.E. Bridge Contractors, 363 F. Supp. 3d at 220 (concluding third factor weighed in favor of joinder where failure to join parties risked deflection of blame to absent defendants); Kelley, 407 F. Supp. 2d at 309 (concluding third factor weighed in favor of granting proposed amendment in part because "denial of joinder will result in prejudice to [the plaintiff] by having two separate defendants each of whom may use the 'empty chair' defense").

6

Finally, "'other factors bearing on the equities' of the decision on joinder"—including the risk of prejudice to Theberge if amendment is not allowed due to the running of the statute of limitations on a separate action against Workman and Souza—do not dislodge Theberge's argument for amendment. See Mullane, 2019 WL 12316202, at *11 (quoting Kelley, 40 F. Supp. 2d at 306).

On balance, therefore, the equitable factors weigh in favor of allowing Theberge's motion for leave to amend the complaint and join Workman and Souza as defendants. See, e.g., N.E. Bridge Contractors, 363 F. Supp. 3d at 220; Kelley, 407 F. Supp. 2d at 310.

## IV. Conclusion

Theberge's Motion to Amend the Complaint and subsequent Motion for Leave to Correct Clerical Error in Amended Complaint and File New Amended Complaint (Docket ##17, 24) are ALLOWED as to proposed defendants Workman and Souza but DENIED as to proposed defendant Cossette. Accordingly, the case is REMANDED to state court.

_November 18, 2021_
DATE

_/s/ Rya W. Zobel_
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE